## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO.:

**RICHARD REES,**

     **Plaintiff,**

**vs.**

**ST. JOHNS COUNTY BOARD
OF COUNTY
COMMISSIONERS,**

     **Defendant.**

_____ /

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RICHARD REES ("Mr. Rees" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, ST. JOHNS COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant" or "SJC") pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and alleges the following:

### JURISDICTION AND VENUE

1.    The Court has original jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

2.    Venue is proper in the Jacksonville Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(3) because Defendant conducts substantial

business in St. Johns County, Florida, and Plaintiff worked for Defendant in St. Johns County, Florida, where the actions at issue took place.

3.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

4.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## STATEMENT OF FACTS

5.     Mr. Rees worked for SJC, most recently as an Assistant County Veteran Service Officer, from October 10, 2005, until his discharge on December 26, 2020.

6.     During his lengthy tenure, Mr. Rees was an excellent employee, who had no significant history of non-medical attendance, performance, or disciplinary issues.

7.     In November of 2020, Mr. Rees disclosed to SJC that he was suffering a serious health condition, COVID-19, and that his wife was similarly afflicted, and

he would need time off to treat his own and his wife's serious health condition.

8.    These disclosures should have prompted SJC to inform Mr. Rees of his rights and responsibilities under the FMLA, and to provide him FMLA paperwork, but SJC failed to do so.

9.    On December 6, 2020, Ms. Novack sent Mr. Rees home on so-called "administrative leave."

10.    About one (1) week later, Ms. Novack told Mr. Rees that he would be "permitted" to resign and that if he did not resign, he would be terminated.

11.    The mistreatment at SJC became so intolerable that Mr. Rees did not have any other choice but to submit his resignation.

12.    Any reasonable person in Mr. Rees' situation would similarly be compelled to resign.

13.    Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Rees notifying Defendant of his serious health condition, and in retaliation for Mr. Rees utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

14.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

15.    Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

16.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

17.    The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

18.    Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization or attempted utilization of what should have been protected FMLA leave.

19.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

20.    Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

21.    Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

22.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 21 above.

23.    At all times relevant hereto, Plaintiff was protected by the FMLA.

24.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

25.     At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights freely.

26.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

28.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 21, above.

29.     At all times relevant hereto, Plaintiff was protected by the FMLA.

30.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

31.   At all times relevant hereto, Defendant retaliated against Plaintiff for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

32.   Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

33.   As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34.   As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 28th day of June, 2022.

Respectfully submitted,

***/s/Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:  **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*